**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Eduardo Aguilera, | No. CV-18-02660-PHX-JGZ (BGM) |
|---|---|
| Petitioner, | |
| v. | **ORDER** |
| Charles L Ryan, et al., | |
| Respondents. | |

Currently pending before the Court are Petitioner's Motion to Subpoena (Doc. 36), Motion to Fast Track (Doc. 42), Motion for a Response (Doc. 48), and Motion for Telephonic Hearing (Doc. 48).

**I.        MOTION FOR SUBPOENA**

Petitioner seeks this Court "to subpoena 4 indivisuals [sic] to my evidentiary hearing." Mot. to Subpoena (Doc. 36) at 1. Petitioner further asserts that he is "exercising my 6th amendment right to confront my Witnesses againts [sic] me." *Id.* First, Petitioner presumes that an evidentiary hearing will be held in this matter. *See id.* As the Court has previously explained, Rule 8 of the Rules Governing Section 2254 Cases provides: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." 28 U.S.C. § 2254, Rule 8(a), Rules Governing Section 2254 Cases in the United States District Court; *see*

*also* Order 12/21/2018 (Doc. 25). The Court has not yet decided whether an evidentiary hearing is warranted in this matter, and therefore any request for witnesses to appear at such a hearing is premature.

Second, the Sixth Amendment provides in relevant part: "In all ***criminal prosecutions***, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. Const. amend. VI. (emphasis added). The instant case, however, is a ***civil*** proceeding. As such, "[t]he Sixth Amendment has no application here[.]" *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958) (recognizing habeas proceedings as civil and therefore beyond the scope of the Sixth Amendment). Additionally, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 1796–97, 138 L.Ed.2d 97 (1997). As such, "[a] judge ***may, for good cause,*** authorize a party to conduct discovery under the Federal Rules of Civil Procedure and ***may limit*** the extent of the discovery." 28 U.S.C. § 2254, Rule 6(a), Rules Governing Section 2254 Cases in the United States District Court (emphasis added). Petitioner has not met his burden to demonstrate good cause.

Based upon the foregoing, Petitioner's Motion to Subpoena (Doc. 36) will be DENIED.

**II.  MOTION TO FAST TRACK**

Petitioner seeks "the U.S. district [sic] court [sic] to fast track my aggravated D.U.I. case[.]" Mot. to Fast Track (Doc. 42) at 1. He would then "like to give the State 10 business days to respond to my arguments [sic]." *Id.* Petitioner currently has two (2) habeas petitions pending—the instant case and Case No. CV-19-01788-PHX-DJH (JZB), Aguilera v. Ryan, *et al.* The cases were filed separately and are not consolidated. The instant case is based upon an aggravated assault, Maricopa County Superior Court Case No. CR2015-129233. The other pending habeas case is based upon aggravated driving under the influence, Maricopa County Superior Court Case No. CR2014-147204-001.

*See* Ariz. Dist. Ct., Case No. CV-19-01788-PHX-DJH (JZB), *Aguilera v. Ryan*, et al., Petition (Doc. 1). "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975) (quotations and citations omitted). Any opinion issued in this case regarding Petitioner's separately filed habeas petition would be advisory, and the Court lacks jurisdiction to enter such an order. Petitioner shall not continue to file motions related to his separately filed habeas petition in the instant case. Accordingly, Petitioner's Motion to Fast Track (Doc. 42) will be DENIED.

**III.   MOTION FOR A RESPONSE**

Petitioner seeks orders to be issued in his separately filed habeas case, Case No. CV-2019-01788-PHX-DJH (JZB), *Aguilera v. Ryan,* et al. As this Court explained, it lacks jurisdiction over the separately filed action. *See* Section II, *supra*. Accordingly, Petitioner's Motion for a Response (Doc. 48) will be DENIED.

**IV.   MOTION FOR TELEPHONIC HEARING**

Petitioner seeks a telephonic hearing to argue the merits of his petition. The Court has not yet decided whether an evidentiary hearing is warranted in this matter, and therefore any request for such a hearing is premature. *See* 28 U.S.C. § 2254, Rule 8(a), Rules Governing Section 2254 Cases in the United States District Court; *see also* Section I, *supra*. As such, Petitioner's Motion for Telephonic Hearing (Doc. 49) will be DENIED.

Accordingly, IT IS HEREBY ORDERED that:
(1)   Petitioner's Motion to Subpoena (Doc. 36) is DENIED;
(2)   Petitioner's Motion to Fast Track (Doc. 42) is DENIED;
(3)   Petitioner's Motion for a Response (Doc. 48) is DENIED; and

1     (4)     Petitioner's Motion for Telephonic Hearing (Doc. 48) is DENIED.

Dated this 8th day of April, 2019.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge